Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CYNTHIA JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>DOORDASH, INC.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR INJUNCTION AND DAMAGES**<br><br>**Class Action**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Cynthia Johnson ("Plaintiff"), by her undersigned counsel, for this class action complaint against Defendant DoorDash, Inc. ("DoorDash") and its present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, alleges as follows:

### I. INTRODUCTION

1. <u>Nature of Action</u>: As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the

- 1 -

Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by DoorDash to make calls using artificial and pre-recorded voices in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

## II.   PARTIES

3. Plaintiff Johnson is an individual.

4. DoorDash is a Delaware corporation and has a principal place of business in San Francisco.

## III.   JURISDICTION AND VENUE

5. <u>Jurisdiction</u>: This Court has federal-question subject matter jurisdiction over Plaintiffs' TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

6. <u>Personal Jurisdiction</u>: This Court has personal jurisdiction over Defendant because the Defendant resides here.

7. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because the only Defendant resides in this District.

## IV.   FACTS

**A.   The Enactment of the TCPA and its Regulations**

8. <u>Robocalls Outlawed</u>: Enacted in 1991, the TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1). Calls made by an ATDS or with a prerecorded or artificial voice are referred to as "robocalls" by the Federal Communications Commission ("FCC") and herein. Encouraging people to hold

robocallers accountable on behalf on their fellow Americans, the TCPA provides a private cause of action to persons who receive such calls. 47 U.S.C. § 227(b)(3).

9. <u>Rationale</u>: In enacting the TCPA, Congress found: "Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 § 2(10). Congress continued: "Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id.* § 2(12).

10. The TCPA's sponsor described unwanted robocalls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30,821 (1991) (statement of Sen. Hollings).

**B.     Defendant's Unsolicited, Automated Calls to Plaintiffs**

11. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

12. Plaintiff's cellular telephone number is (801) XXX-XXXX.

13. In about February of 2023, Plaintiff began receiving calls voiced using an artificial voice from DoorDash seeking her to sign up for DoorDash's services as a restaurant owner and to set up a DoorDash tablet to begin taking orders.

14. These calls occurred practically every day, sometimes multiple times a day, and some as early as 7:00 AM in the Plaintiff's local time zone.

15. Plaintiff does not own or operate a restaurant.

16. As a result, Plaintiff contacted DoorDash in February of 2023 and demanded that the calls stop.

17. In response, DoorDash initially told the Plaintiff to send them screenshots of the messages and place an order to get the calls to stop, at which point DoorDash stated that they would close the account to get the calls to stop.

18. When that did not work, DoorDash told the Plaintiff to re-open a DoorDash account in order to get the calls to stop and then attempted to close the account again, but the calls did not stop.

19. But the calls have continued.

20. In fact, the Plaintiff reached out to DoorDash support and the Federal Communications Commission in June of 2024 to get the calls to stop again, but they did not stop.

21. All of the calls were clearly pre-recorded because (a) each of the calls was identical (b) the automated message had a monotone and consistent, robotic-sounding voice and (c) the recorded message was generic.

22. The robocalls alleged herein: (A) invaded Plaintiff's privacy and solitude; (B) wasted Plaintiff's time; (C) annoyed Plaintiff; (D) tied up Plaintiff's phone line; and (E) harassed Plaintiff.

## V. CLASS ACTION ALLEGATIONS

23. <u>Class Definition</u>: Pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3), Plaintiff bring this case on behalf of:

**Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant (or an agent acting on behalf of Defendant) placed a call (3) within the four years prior to the filing of the Complaint through trial (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff.

24. <u>Exclusions</u>: Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, Defendant legal representatives, assignees, and successors, the judges to whom this case is assigned and the employees and immediate family members of all of the foregoing.

25. <u>Numerosity</u>: The Class is so numerous that joinder of all their members is impracticable.

26. <u>Commonality</u>: There are many questions of law and fact common to Plaintiff and members of the Class. Indeed, the very feature that makes Defendant's conduct so annoying—its automated nature—makes this dispute amenable to classwide resolution. These common questions of law and fact include, but are not limited to, the following: (A) whether the calls were dialed *en masse* by a pre-recorded message; (B) whether Defendant's desire to promote its services to restaurants constitutes an "emergency" within the meaning of the TCPA; (C) whether Defendant had a pattern and practice of failing to obtain consent from people to whom it directed calls; and (D) whether Defendant's violations of the TCPA were knowing or willful.

27. <u>Typicality</u>: Plaintiff's claim is typical of the claims of the Class. Plaintiff's claim and those of the Class arise out of the same course of conduct by Defendant and are based on the same legal and remedial theories.

28. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable counsel experienced in TCPA class action litigation. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. The interests of Plaintiff and her counsel are aligned with those of the proposed Class.

29. <u>Superiority</u>: The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues, making a class action the superior means of resolution. Adjudication of these common issues in a single action has important advantages, including judicial economy, efficiency for Class members and classwide *res judicata* for Defendant. Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action (up to $1,500 per violation) are dwarfed by the cost of prosecution.

## VI. FIRST CLAIM FOR RELIEF
**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)—Robocalling)**
**On Behalf of Plaintiff and the Robocall Class)**

30. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

31. Defendant and/or its affiliates or agents violated the TCPA, 47 U.S.C. § 227(b)(1), by placing non-emergency calls to the cellular telephone numbers of Plaintiff and members of the Robocall Class using an artificial or prerecorded voice without consent.

32. Plaintiff and members of that Class are entitled to an award of $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

33. Plaintiff and members of that Class are entitled to an award of up to $1,500 in damages for each such knowing and/or willful violation. 47 U.S.C. § 227(b)(3).

34. Plaintiff and members of that Class are also entitled to and do seek an injunction prohibiting Defendant and/or its affiliates and agents from violating the TCPA, 47 U.S.C. § 227(b)(1), by placing non-emergency calls to any cellular telephone number using an artificial or prerecorded voice without the consent of the receiving party.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of all members of the Class, pray for judgment against Defendant as follows:

    A.    Certification of the proposed Class;

    B.    Appointment of Plaintiff as representative of the Class;

    C.    Appointment of the undersigned counsel as counsel for the Class;

    D.    A declaration that actions complained of herein violate the TCPA;

    E.    An order enjoining Defendant and its affiliates, agents and related entities from engaging in the conduct set forth herein;

    F.    An award to Plaintiff and the Class of damages, as allowed by law;

    G.    Leave to amend this Complaint to conform to the evidence presented at trial; and

H.  Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VIII.  DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 13th day of September, 2024.

By: <u>/s/ Rachel E. Kaufman</u>
RACHEL E. KAUFMAN
KAUFMAN P.A.
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorneys for Plaintiff and the Proposed Class*